UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLARD HADLEY,

    Plaintiff,

v.                                Case No. 8:24-cv-02575-VMC-LSG

104 SALES GROUP, INC.,
CHARLES YEISER, and DOUGLAS
STUART,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants 104 Sales Group, Inc., Charles Yeiser, and Douglas Stuart's Opposed Motion to Set Aside Clerk's Default (Doc. # 23), filed on January 28, 2025. Plaintiff Willard Hadley responded in opposition on February 11, 2025. (Doc. # 28). For the reasons that follow, the Motion is granted.

**I.  Background**

Hadley filed a Complaint against Defendants on November 4, 2024, raising various claims related to Defendants' alleged failure to compensate Hadley in violation of the Fair Labor Standards Act and Florida law. (Doc. # 1). Defendants were served with the Complaint on November 13 and November 19, 2024, making the responsive pleadings due on December 4 and December 10, 2024, respectively. (Doc. ## 10, 11, 13); Fed. R. Civ. P. 12(a)(1)(A)(i).

On December 2, 2024, Defendant Stuart filed a pro se motion to appoint counsel. (Doc. # 15). The motion was subsequently denied without prejudice "for failure to comply with Local Rule 3.01(a), which requires that a motion include a legal memorandum supporting the request." (Doc. # 17). The Court took the opportunity to instruct Stuart "to review the Court's Local Rules before future pro se filings." (Id.). The motion to appoint counsel was not refiled, and Defendants did not otherwise appear in the action. Thus, Hadley moved for clerk's entry of default on January 2, 2025, which the Court granted. (Doc. ## 18, 19). The clerk entered default the next day. (Doc. # 20).

Defendants now move to set aside the clerk's entry of default. (Doc. # 23). Hadley responded in opposition (Doc. # 28), and the motion is ripe for review.

**II.  Discussion**

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause, and it may set aside final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

The Eleventh Circuit has explained that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780,

2

783 (11th Cir. 1993). In determining whether good cause is shown for setting aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Export-Import, S.A., 88 F.3d at 951. However, "courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id.

Defendants seek to set aside the clerk's entry of default on the "grounds of mistake, inadvertence, and excusable neglect." (Doc. # 23 at 3). The Court notes that mistake, inadvertence, and excusable neglect is a heightened standard applicable to setting aside a final default judgment under Rule 60(b)(1) and is not applicable here. See EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990) ("The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default."). Because default judgment has not been entered, Defendants need only establish good cause to set aside the clerk's entry of default.

Based on the facts and circumstances presented, the Court determines that Defendants met their burden of showing the

3

requisite good cause to set aside its default under Rule 55(c). Defendants' delay in responding after Stuart's unsuccessful pro se appearance has not been shown to be willful, and Defendants have alleged that they may have meritorious defenses to Hadley's FLSA claims. (Doc. # 23 at 3-6). To be sure, Defendants should have ensured that a response to the Complaint was promptly and properly filed. Defendants' contention that it filed a response that was "stricken" by the Court is misguided, as a review of the docket reveals no Court order striking any filed response. (Doc. # 23 at 5). Defendants simply never filed an answer or response and the supposedly "stricken" docket entry instead relates to an order that was entered in error. (Doc. # 16).

However, at this early stage, Hadley will not be prejudiced by the delay or by having to prove his claim on the merits, especially because Defendants moved to set aside the clerk's default less than a month after it was entered. See James v. Progress Energy Fla., Inc., No. 11-cv-175, 2011 WL 35858516, at *2 (M.D. Fla. Aug. 16, 2011) (finding no prejudice where the defendant's motion to set aside default "was filed in the early stages of [the] case—less than three months after Plaintiff filed his Complaint and only two months after the clerk entered default").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants 104 Sales Group, Inc., Charles Yeiser, and Douglas Stuart's Opposed Motion to Set Aside Clerk's Default (Doc. # 23) is **GRANTED.**

(2) The Clerk is directed to **SET ASIDE** the clerk's entry of default (Doc. # 20).

(3) Defendants' response to the Complaint is due 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of February, 2025.

*[signature]*

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5